FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 19 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01676-BNB

EDMOND WALKER,

        Plaintiff,

v.

STARK,

        Defendant.

_____

ORDER DENYING MOTION FOR INJUNCTIVE RELIEF

_____

This matter is before the Court on the document titled "Order to Force" that

Plaintiff, Edmond Walker, submitted to and filed with the Court *pro se* on July 13, 2011.

Mr. Walker currently is incarcerated at the Jefferson County Detention Center in

Golden, Colorado, and has filed an amended complaint concerning Defendant's

allegedly illegal confiscation of his bicycle.  He complains that he needs access to civil

law books in order to be able to litigate this lawsuit, does not know how to access the

detention center computer, and no paralegals are available to assist him.

The Court must construe the document liberally because Mr. Walker is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall

v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be

an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, the document will be construed liberally as a motion for injunctive relief, and will

be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b).

A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Walker is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

Mr. Walker does not demonstrate a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest. Likewise, Mr. Walker does not demonstrate how his difficulties with the detention center law library interfere with his court access in the instant action in such a

2

way as to cause him irreparable injury.

Mr. Walker does not allege that he actually has been impeded in his ability to conduct this case. *See Lewis v. Casey*, 518 U.S. 343 (1996).  The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995).  An inmate must satisfy the standing requirement of "actual injury" by showing that the denial of legal resources hindered his efforts to pursue a non-frivolous claim. *Lewis*, 518 U.S. at 349-53.

In *Lewis*, the Supreme Court cited two examples of when an inmate's efforts to pursue a legal claim may be hindered.  First, an inmate's efforts may be hindered when a complaint prepared by an inmate is dismissed for failure to satisfy a technical requirement due to deficiencies in a prison's legal assistance facilities. *Id.* at 351.  In addition, an inmate's efforts would be hindered when an inmate is so stymied by inadequacies of the law library that he is unable to file a complaint. *Id.*

Neither example set forth in *Lewis* is at issue in this action.  Mr. Walker has failed to state an actual injury in his ability to pursue this action. *See Lewis*, 518 U.S. at 349-53.  The motion for injunctive relief will be denied.

Accordingly, it is

ORDERED that the document titled "Order to Force" that Plaintiff, Edward Walker, filed with the Court July 13, 2011, and which the Court has treated as a motion for injunctive relief, is denied.

3

DATED at Denver, Colorado, this  19th  day of ____July_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01676-BNB

Edmond Walker
Prisoner No.  P01059059
Jefferson County Detention Center
PO Box 16700
Golden, CO 80402

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on July 19, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk