F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 0 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01676-BNB

EDMOND WALKER,

    Plaintiff,

v.

STARK,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, Edmond Walker, currently is incarcerated at the Jefferson County, Detention Center in Golden, Colorado. Mr. Walker, acting *pro se*, file an amended prisoner complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 for money damages.

Mr. Walker has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Walker is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more

actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. **See** 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. **Green v. Nottingham**, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Walker's filings liberally because he is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous.

Mr. Walker alleges that Defendant Stark, a Denver police officer, violated his constitutional rights on July 16, 2010, by confiscating his bicycle as stolen, even after he showed the officer a receipt for the purchase of the bicycle. He further alleges that the officer threatened to arrest him if he complained about the confiscation. He asserts he filed a complaint with Denver police department's internal affairs division, but his bicycle was not returned and allegedly is not at the police department. It is not clear whether Plaintiff's current incarceration at the Jefferson County Detention Center is related to the bicycle incident.

Mr. Walker's claim based on the confiscation and loss of his personal property will be construed liberally as a due process claim, and dismissed because the claim lacks merit. The United States Constitution guarantees due process when a person is deprived of life, liberty, or property. **See Templeman v. Gunter**, 16 F.3d 367, 369 (10th Cir. 1994). However, "the United States Supreme Court has held that neither negligent

nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ." *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding that an unauthorized intentional deprivation of property does not violate due process if an adequate postdeprivation remedy for the loss is available).  To the extent Mr. Walker argues that relief is unavailable to him because the Denver police department internal affairs division did not return the bicycle, the Court notes that Mr. Walker also has an adequate remedy available to him in state court under state law.  *See, e.g., Cooper v. Belcher*, 2010 WL 3359709, at *15 (D. Colo. Aug. 25, 2010) (unpublished) (noting that "[a]dequate state remedies are not limited to the filing of grievances, but include filing complaints in state court."); *see also Johnson v. Corr. Corp. of Am.*, No. 08-cv-3230, 2008 WL 4724488, at *9 (D. Kan. Oct. 23, 2008) (unpublished) (finding that inmate's ability to sue for wrongful or negligent loss of personal property in state court constitutes an adequate post-deprivation remedy).  Therefore, this due process claim is legally frivolous, and will be dismissed.

       Accordingly, it is

ORDERED that the amended complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b) as legally frivolous.

DATED at Denver, Colorado, this __20th__ day of ____July_____, 2011.

BY THE COURT:


____s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01676-BNB

Edmond Walker
Prisoner No. P01059059
Jefferson County Detention Center
PO Box 16700
Golden, CO 80402

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on July 20, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk